B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Georgia

In re  Christopher Lee Smith_____,
        *Debtor*

Case No. ____ 14-10130 ____
Chapter _7_

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008.  It may be filed by any party to the reaffirmation agreement.

1.     Creditor's Name: Branch Banking & Trust Company, Inc.

2.     Amount of the debt subject to this reaffirmation agreement:
   $_____ on the date of bankruptcy  $ 107,725.02  to be paid under reaffirmation agreement

3.     Annual percentage rate of interest:  __5.50__ % prior to bankruptcy
   __5.50__ % under reaffirmation agreement ( ✔ Fixed Rate ___ Adjustable Rate)

4.     Repayment terms (if fixed rate):  $ 862.63  per month for  __293__  months

5.     Collateral, if any, securing the debt:  Current market value:  $  120,000.00
   Description:  Deed of Trust Secured by Real Property

6.     Does the creditor assert that the debt is nondischargeable?  ___Yes  ✔ No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A.   Total monthly income from  $ 3866.49
     Schedule I, line 12

8A.   Total monthly expenses  $ 3866.49
     from Schedule J, line 22

9A.   Total monthly payments on  $ 0
     reaffirmed debts not listed on
     Schedule J

**Debtor's Income and Expenses
as Stated on Reaffirmation Agreement**

7B.   Monthly income from all  $ 3866.49
     sources after payroll deductions

8B.   Monthly expenses  $ 3866.49

9B.   Total monthly payments on  $ 0
     reaffirmed debts not included in
     monthly expenses

10B.  Net monthly income  $ 0
     (Subtract sum of lines 8B and 9B from
     line 7B.  If total is less than zero, put the
     number in brackets.)

B27 (Official Form 27) (12/13)                                                      Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

       If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if     Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)               required if line 11 or 12 is completed)

**Other Information**

☐      Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
____✓____Yes          _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
____✓____Yes          _____No

**FILER'S CERTIFICATION**

       I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Jo Ann Farmer/BB&T
_____
Print/Type Name & Signer's Relation to Case

> Check one.
> ☑ **Presumption of Undue Hardship**
> ☑ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation,*
> *Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Northern District of Georgia

In re  Christopher Lee Smith           ,             Case No. 14-10130
      *Debtor*

                                           Chapter            7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:**   Branch Banking & Trust Company, Inc.

☐  Check this box if Creditor is a Credit Union

## PART I.  REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision.  Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A.  Brief description of the original agreement being reaffirmed:   Real Estate Loan

                                                  *For example, auto loan*

B.  ***AMOUNT REAFFIRMED***:      $            107,725.02

       The Amount Reaffirmed is the entire amount that you are agreeing to pay.  This may include unpaid principal, interest, and fees and costs (if any) arising on or before January 28, 2014   , which is the date of the Disclosure Statement portion of this form (Part V).

       *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C.  The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is    5.50   %.

       *See definition of "Annual Percentage Rate" in Part V, Section C below.*

       This is a *(check one)* ☑ Fixed rate             ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

**\*\*\* BB&T CONFIDENTIAL \*\*\***

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☑  $ __862.63__ per month for ____293____ months starting on __February 1, 2014__ .

☐  Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount._____

E. Describe the collateral, if any, securing the debt:

Description:                 Deed of Trust Secured by Real Property
Current Market Value      $ _____120,000.00_____

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑  Yes.  What was the purchase price for the collateral?    $ 119,900.00 _____

☐  No.  What was the amount of the original loan?          $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|                                    | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|------------------------------------|------------------------------------|---------------------------|
| Balance due *(including fees and costs)* | $              | $ 107,725.02 |
| Annual Percentage Rate             | 5.50      %                        | 5.50      %               |
| Monthly Payment                    | $   862.63                         | $   862.63                |

H. ☐  Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement.  Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

## PART II.  DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.      ☑ Yes        ☐ No

B. Is the creditor a credit union?

Check one.      ☐ Yes        ☑ No

**\*\*\* BB&T CONFIDENTIAL \*\*\***

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

    1.   Your present monthly income and expenses are:

        a. Monthly income from all sources after payroll deductions
        (take-home pay plus any other income)                    $ *3866.49*

        b. Monthly expenses (including all reaffirmed debts except
        this one)                          $ *3003.86*

        c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $ *862.63*

        d. Amount of monthly payment required for this reaffirmed debt     $  862.63

        *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you
        have available to pay this reaffirmed debt (line c.), you must check the box at the top of
        page one that says "Presumption of Undue Hardship."  Otherwise, you must check the
        box at the top of page one that says "No Presumption of Undue Hardship."*

    2.   You believe that this reaffirmation agreement will not impose an undue hardship on you
        or your dependents because:

        Check one of the two statements below, if applicable:

        ☑    You can afford to make the payments on the reaffirmed debt because your
             monthly income is greater than your monthly expenses even after you include in
             your expenses the monthly payments on all debts you are reaffirming, including
             this one.

        ❑    You can afford to make the payments on the reaffirmed debt even though your
             monthly income is less than your monthly expenses after you include in your
             expenses the monthly payments on all debts you are reaffirming, including this
             one, because:

             _____

             _____

             _____

        Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following
statement, if applicable:

        ❑    You believe this Reaffirmation Agreement is in your financial interest and you
             can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

**\*\*\* BB&T CONFIDENTIAL \*\*\***

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date _2/20/14_    Signature _____
                                   *Debtor*

Date _____    Signature _____
                                   *Joint Debtor, if any*

## Reaffirmation Agreement Terms Accepted by Creditor:

Creditor _Branch Banking & Trust Company, Inc._    _PO Box 1847, Wilson, NC 27894-1847_
                  *Print Name*                                        *Address*

_____Jo Ann Farmer/BB&T_____    _____  _3/11/14_
   *Print Name of Representative*              *Signature*            *Date*

## PART IV.  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

❏ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _2/7/14_    Signature of Debtor's Attorney _____

Print Name of Debtor's Attorney  _H. Brooks Cotten_ / GINA KMRIGISN
                                                                    468378

*** BB&T CONFIDENTIAL ***

## PART V.  DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1.  **What are your obligations if you reaffirm a debt?**  A reaffirmed debt remains your personal legal obligation to pay.  Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.  **Are you required to enter into a reaffirmation agreement by any law?**  No, you are not required to reaffirm a debt by any law.  Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.  **What if your creditor has a security interest or lien?**  Your bankruptcy discharge does not eliminate any lien on your property.  A ''lien'' is often referred to as a security interest, deed of trust, mortgage, or security deed.  The property subject to a lien is often referred to as collateral.  Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt.  To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.  **How soon do you need to enter into and file a reaffirmation agreement?**  If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge.  After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible.  The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.  However, the court may extend the time for filing, even after the 60-day period has ended.

5.  **Can you cancel the agreement?**  You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later.  To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

*** BB&T CONFIDENTIAL ***

6.    **When will this Reaffirmation Agreement be effective?**

    a.  **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

        i.  **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship.  If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

        ii.  **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

    b.  **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it.  To have the court approve your agreement, you must file a motion.  See Instruction 5, below.  The court will notify you and the creditor of the hearing on your Reaffirmation Agreement.  You must attend this hearing, at which time the judge will review your Reaffirmation Agreement.  If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective.  However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7.    **What if you have questions about what a creditor can do?**  If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement.  If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement.  When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything.  The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.    INSTRUCTIONS**

1.    Review these Disclosures and carefully consider your decision to reaffirm.  If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above).  If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.    Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.    If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4.    You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5.    *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.  You can use Form B240B to do this.*  *** BB&T CONFIDENTIAL ***

### C.    DEFINITIONS

1.  **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.  **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.  **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

**Click Here to Return to the Questionnaire**

**\*\*\* *BB&T CONFIDENTIAL* \*\*\***

**PART E: MOTION FOR COURT APPROVAL**

*[To be completed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.]*

<u>**MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT**</u>

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)
☐ 11 U.S.C. §524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed:_____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

BB&T CONFIDENTIAL

**B240C ALT (Form B240C ALT) (04/10)**

# United States Bankruptcy Court
## Northern District of Georgia

In re  Christopher Lee Smith                                    Case No. 14-10130
_____                                      _____
    Debtor                                                     Chapter 7

### ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) _____ Christopher Lee Smith _____ has (have) filed a motion for approval of
                    (Name(s) of debtor(s))
the reaffirmation agreement dated _____ made between the debtor(s) and
                                        (Date of agreement)
BB&T. The court held the hearing required by 11 U.S.C. § 524(d)
    (Name of creditor)
on notice to the debtor(s) and the creditor on _____.
                                                    (Date)

COURT ORDER:        ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A)
                        and approves the reaffirmation agreement described above as not
                        imposing an undue hardship on the debtor(s) or a dependent of the
                        debtor(s) and as being in the best interest of the debtor(s).

                    ☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8)
                        and approves the reaffirmation agreement described above.

                    ☐ The court does not disapprove the reaffirmation agreement under
                        11 U.S.C. § 524(m).

                    ☐ The court disapproves the reaffirmation agreement under
                        11 U.S.C. § 524(m).

                    ☐ The court does not approve the reaffirmation agreement.

                                            BY THE COURT

Date: _____          _____
_United States Bankruptcy Judge_

BB&T CONFIDENTIAL

# NOTE

| FHA Case No |
| --- |
| 105-3731830-703 |

MAY 22, 2008                    AUGUSTA                    GEORGIA
[Date]                              [City]                              [State]

47 JAMES DRIVE, HOGANSVILLE, GEORGIA 30230
[Property Address]

**1   PARTIES**
    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns
"Lender" means PROFESSIONAL LENDING, LLC, A LIMITED LIABILITY COMPANY
                                                and its successors and assigns

**2   BORROWER'S PROMISE TO PAY, INTEREST**
    In return for a loan received from Lender, Borrower promises to pay the principal sum of
ONE HUNDRED EIGHTEEN THOUSAND FORTY-SEVEN AND 00/100
                      Dollars (US $ 118,047 00              ),
plus interest, to the order of Lender  Interest will be charged on unpaid principal, from the date of disbursement of
the loan proceeds by Lender, at the rate of FIVE AND 500/1000                                      percent
(     5 500 %) per year until the full amount of principal has been paid

**3   PROMISE TO PAY SECURED**
    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated
the same date as this Note and called the "Security Instrument "  The Security Instrument protects the Lender from
losses which might result if Borrower defaults under this Note

**4   MANNER OF PAYMENT**
    **(A)  Time**
    Borrower shall make a payment of principal and interest to Lender on the 1st  day of each month beginning
on  JULY 1, 2008                            Any principal and interest remaining on the  1st   day of
JUNE, 2038                            , will be due on that date, which is called the "Maturity Date "
    **(B)  Place**
    Payment shall be made at  P O. BOX 1868, GREENVILLE, SOUTH CAROLINA
29602
                                      , or at such other place
as Lender may designate in writing by notice to Borrower
    **(C)  Amount**
    Each monthly payment of principal and interest will be in the amount of U S $ 670 26
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to
principal, interest and other items in the order described in the Security Instrument
    **(D)  Allonge to this Note for Payment Adjustments**
    If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants
of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge
were a part of this Note

MULTISTATE  FHA FIXED RATE NOTE
USFHA NTE  05/01/08                    Page 1 of 3            DocMagic *EForms* 800 649 1362
                                            www.docmagic.com

BB&T Confidential

(Check applicable box )

☐ Growing Equity Allonge
☐ Graduated Payment Allonge
☐ Other [specify]

## 5  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month  Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary  If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes

## 6  BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                    percent (    4 000  %) of the overdue amount of each payment

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default  In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults  This Note does not authorize acceleration when not permitted by HUD regulations  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note

## 7  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor  "Presentment" means the right to require Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid

## 8  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address

## 9  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in

BB&T Confidential

this Note  Lender may enforce its rights under this Note against each person individually or against all signatories together  Any one person signing this Note may be required to pay all of the amounts owed under this Note

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note

_____ (Seal)
CHRISTOPHER L. SMITH          -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

WITHOUT RECOURSE PAY TO THE ORDER OF
_Branch Banking and Trust Company_ _without recourse_
PROFESSIONAL LENDING, LLC
WILLIAM O HONNICUTH, IV
AS ITS PRESIDENT
THIS _____ DAY OF _May_ _2008_

*[Sign Original Only]*

MULTISTATE - FHA FIXED RATE NOTE
USFHA NTE  05/01/08                    Page 3 of 3        DocMagic *eForms* 800-649-1362
                                                         www.docmagic.com

BB&T Confidential

4617

After Recording Return To
HARWELL, BROWN & HARWELL
12 JACKSON STREET
NEWNAN, GEORGIA 30240
Loan Number: 2606042

TROUP COUNTY, GA
FILED IN OFFICE

2008 MAY 27 PM 3:31

JACKIE W TAYLOR
CLERK SUPERIOR COURT

GEORGIA INTANGIBLE TAX PAID
$ 355.50
5/27/08
CLERK OF SUPERIOR COURT
Troup County

[Space Above This Line For Recording Data] ————

## SECURITY DEED

FHA CASE NO
105-3731830-703

MIN

THIS SECURITY DEED ("Security Instrument") is given on  MAY 22, 2008
The grantor is CHRISTOPHER L SMITH

("Borrower")

The Security Instrument is given to Mortgage Electronic Registration Systems, Inc ("MERS") (solely as nominee
for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary  MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P O Box 2026, Flint, MI 48501-
2026, tel (888) 679-MERS    PROFESSIONAL LENDING, LLC, A LIMITED LIABILITY
COMPANY                                                                                              ("Lender")
is organized and existing under the laws of GEORGIA                                                   ,
and has an address of 1056 CLAUSSEN ROAD, STE 212, AUGUSTA, GEORGIA 30907

Borrower owes Lender the principal sum of  ONE HUNDRED EIGHTEEN THOUSAND
FORTY-SEVEN AND 00/100          Dollars (U S $  118,047.00          )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  JUNE 1, 2038
This Security Instrument secures to Lender  (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note, (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument, and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower
does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns)
and the successors and assigns of MERS with power of sale, the following described property located in
TROUP  County, Georgia

- 1480 PG 0021

BB&T Confidential

80 PG 0 0 2 2

which has the address of  47 JAMES DRIVE

HOGANSVILLE                , Georgia    30230          ("Property Address")
[City]                                    [Zip Code]

[Street]

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument  All of the foregoing is referred to in this Security Instrument as the "Property "  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right  to  exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows
    1    Payment of Principal, Interest and Late Charge  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note
    2    Monthly Payment of Taxes, Insurance, and Other Charges  Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4  In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either  (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary  Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds "

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U S C  § 2601 et seq  and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements

DocMagic eForms 800 649 1362
www docmagic com

BB&T Confidential

or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA  If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument  If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c)

3    Application of Payments  All payments under paragraphs 1 and 2 shall be applied by Lender as follows
FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium,
SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required,
THIRD, to interest due under the Note,
FOURTH, to amortization of the principal of the Note, and
FIFTH, to late charges due under the Note

4    Fire, Flood and Other Hazard Insurance  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance  This insurance shall be maintained in the amounts and for the periods that Lender requires  Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary  All insurance shall be carried with companies approved by Lender  The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender

In the event of loss, Borrower shall give Lender immediate notice by mail  Lender may make proof of loss if not made promptly by Borrower  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly  All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments  Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

5    Occupancy, Preservation, Maintenance and Protection of the Property, Borrower's Loan Application, Leaseholds  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control  Borrower shall notify Lender of any extenuating circumstances  Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted  Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default  Lender may take reasonable action to protect and preserve such vacant or abandoned Property  Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations

FHA GEORGIA SECURITY DEED - MERS
6/96

Page 3 of 8

DocMagic eForms 800-649 1362
www docmagic com

↑   1 ┃ 8 0 P G 0 0 2 3

BB&T Confidential

ᴄ.1480ᴘɢ0024

concerning Borrower's occupancy of the Property as a principal residence  If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease  If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing

**6    Condemnation**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument  Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments  Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

**7    Charges to Borrower and Protection of Lender's Rights in the Property**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2  Borrower shall pay these obligations on time directly to the entity which is owed the payment  If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument  These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice

**8    Fees**  Lender may collect fees and charges authorized by the Secretary

**9    Grounds for Acceleration of Debt**

(a)  **Default**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if

(i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument

(b)  **Sale Without Credit Approval**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St  Germain Depository Institutions Act of 1982, 12 U S C  1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if

(i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary

(c)  **No Waiver**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events

---

BB&T Confidential

**(d) Regulations of HUD Secretary** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

**(e) Mortgage Not Insured** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within  60  DAYS from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument  A written statement of any authorized agent of the Secretary dated subsequent to  60  DAYS                              from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary

**10  Reinstatement** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument  This right applies even after foreclosure proceedings are instituted  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full However, Lender is not required to permit reinstatement if  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument

**11  Borrower Not Released, Forbearance by Lender Not a Waiver** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

**12  Successors and Assigns Bound, Joint and Several Liability, Co-Signers** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b)  Borrower's covenants and agreements shall be joint and several  Any Borrower who co-signs this Security Instrument but does not execute the Note  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent

**13  Notices** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

**14  Governing Law, Severability** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision  To this end the provisions of this Security Instrument and the Note are declared to be severable

**15  Borrower's Copy** Borrower shall be given one conformed copy of the Note and of this Security Instrument

1480 PG 0025
BB&T Confidential

BK 1480 PG 0026

**16 Hazardous Substances** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

**NON-UNIFORM COVENANTS** Borrower and Lender further covenant and agree as follows

**17 Assignment of Rents** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower This assignment of rents constitutes an absolute assignment and not an assignment for additional security only

If Lender gives notice of breach to Borrower (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property, and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower However, Lender or a judicially appointed receiver may do so at any time there is a breach Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full

**18 Foreclosure Procedure** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence

If Lender invokes the power of sale, Lender shall give copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines Lender or its designee may purchase the Property at any sale

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance The recitals in the lender's deed shall be prima facie evidence of the truth of the statements made therein Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees, (b) to all sums secured by this Security Instrument, and (c) any excess to the person or persons legally entitled to it The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law

FHA GEORGIA SECURITY DEED - MERS
6/96            Page 6 of 8            DocMagic *eForms* 800-649 1362
www docmagic com

BB&T Confidential

If the Property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered. Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower waives all rights of homestead exemption in the property.

**21. Assumption not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**22. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

☐ Condominium Rider                 ☐ Graduated Payment Rider        ☐ Growing Equity Rider
☐ Planned Unit Development Rider     ☐ Adjustable Rate Rider          ☐ Rehabilitation Loan Rider
☐ Non-Owner Occupancy Rider         ☒ Other [Specify] ACKNOWLEDGMENT WAIVER
                                        RIDER

FHA GEORGIA SECURITY DEED - MERS
6/96

Page 7 of 8

DocMagic *eFranns* 800-649-1362
www.docmagic.com

°° 1 U 8 0 PG 0 0 2 7

BB&T Confidential

1480PG0028

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 8 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument

_____ (Seal)
CHRISTOPHER L  SMITH          -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ [Space Below This Line For Acknowledgment] _____

Signed, sealed and delivered on this __ day of May 2008 _____ in the presence of

_____
Unofficial Witness

_____
Notary Public, State of Georgia

Printed Name   Shanira L. Johnson

My commission expires

SHANIRA L JOHNSON
NOTARY
EXPIRES
GEORGIA
APRIL 21 2012
PUBLIC
COWETA COUNTY

FHA GEORGIA SECURITY DEED  MERS
6/96                              Page 8 of 8          DocMagic eForms 800-649-1362
                                                       www.docmagic.com

BB&T Confidential

Exhibit A

All that tract or parcel of land situate, lying and being in Land Lot 194 of the 11th Land District of Troup
County, Georgia, being Lot 11, Grove Point Subdivision, Phase II, as shown on that certain plat of said
subdivision recorded in Plat Book 20C, pages 179-180, Troup County, Georgia Deed records, said plat
being incorporated herein and made a part hereof for the purpose of a more complete and accurate
description

'' I 480 PG 0029

BB&T Confidential

`` 'U 8 0 PG 0 0 3 0

# ACKNOWLEDGMENT AND WAIVER
# OF BORROWER'S RIGHTS RIDER

THIS ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER is made this **22nd** day of **MAY, 2008**                , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to **PROFESSIONAL LENDING, LLC, A LIMITED LIABILITY COMPANY**

(the "Lender") of the same date and covering the property described in the Security Instrument and located at

**47 JAMES DRIVE, HOGANSVILLE, GEORGIA 30230**

[Property Address]

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree to the following

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF THE SECURITY DEED, (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN THE SECURITY DEED, (3) ACKNOWLEDGES THAT GRANTOR HAS READ THE SECURITY DEED AND THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID SECURITY DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THE SECURITY DEED, (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION, AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED

BB&T Confidential

**READ AND AGREED BY GRANTOR**

Signed, sealed and delivered
In the presence of

_____
Unofficial Witness

_____ (Seal)
CHRISTOPHER L. SMITH   -Borrower

_____
Notary Public

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

ACKNOWLEDGMENT AND WAIVER OF BORROWER S RIGHTS RIDER
FOR USE WITH GA SECURITY INSTRUMENT
10/31/05                    Page 2 of 3

DocMagic eForms 800 649 1362
www.docmagic.com

ΤΗ P Π PG 0 0 3 1

BB&T Confidential

PI I 4 80 PG 0 0 3 2

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Security Deed and "Acknowledgment and Waiver of the Borrower's Rights" by the Borrower(s), I or a representative of the firm reviewed with and explained to the Borrower(s) the terms and provisions of the Security Deed and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Acknowledgment and Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and "Acknowledgment and Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn and subscribed before me this BB day of May 2008

_Shanira L Johnson_
Notary Public

_Gary N Brown_
Closing Attorney

_[Notary seal: SHANIRA L JOHNSON, NOTARY, GEORGIA, EXPIRES APRIL 21, 2012, PUBLIC, COWETA COUNTY]_

ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER
FOR USE WITH GA SECURITY INSTRUMENT
10/31/05                                    Page 3 of 3

DocMagic eForms 800 649 1362
www.docmagic.com